UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARVIN and JACQUELINE BECKER, Derivatively on Behalf of PIXARBIO CORPORATION (f/k/a BMP Holdings INC.),<br><br>Plaintiff,<br><br>v.<br><br>FRANCIS M. REYNOLDS, KATRIN HOLZHAUS, DAVID A. CASS, and LAURA BARKER MORSE,<br><br>Defendants,<br><br>and<br><br>PIXARBIO CORPORATION f/k/a BMP HOLDINGS INC.,<br><br>Nominal Defendant. | Civil Action No. 2:17-cv-11910 (CCC)<br><br>**STIPULATED TEMPORARY STAY OF PROCEEDINGS** |

Plaintiffs Marvin and Jacqueline Becker ("Plaintiffs"), derivatively and on behalf of PixarBio Corporation ("PixarBio"), and defendants Francis M. Reynolds, Katrin Holzhaus, David A. Cass and Laura Barker Morse ("Defendants") (collectively, the "Parties") submit this Stipulation to Stay the above-captioned derivative action ("Stipulation"), and in support thereof state as follows:

**WHEREAS**, Plaintiffs filed the above-captioned derivative action in the right, and for the benefit, of PixarBio against Defendants seeking to remedy Defendants' alleged breach of fiduciary duties and unjust enrichment (this "Derivative Action").

1

**WHEREAS**, pending in the United States District Court for the District of New Jersey (the "Federal Court") is a putative securities class actions captioned: *Allen v. PixarBio Corporation f/k/a BMP Holdings Inc., et al.*, Case No. 2:17-cv-00496 (CCC) (the "Securities Class Action");

**WHEREAS**, PixarBio and Francis Reynolds are defendants in the Securities Class Action and there exists substantial overlap between the facts and circumstances alleged in the Securities Class Action, including relevance of many of the same documents and witnesses;

**WHEREAS**, the Securities Class Action defendants anticipate filing a motion to dismiss upon the filing of an amended class action complaint in the Securities Class Action;

**WHEREAS**, given that Plaintiffs believe their allegations have merit independent of the facts alleged in the Securities Class Action, in order to ensure economy of time and effort for the Court, the Parties have agreed that the ruling on the anticipated forthcoming motion by Defendants to dismiss the Securities Class Action may help inform the manner in which this Derivative Action proceeds;

**NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE THAT**:

1. This Derivative Action shall be stayed upon entry of this Stipulation and until the entry of any order(s) denying any portion of any motion to dismiss in the Securities Class Action, or the entry of a final order dismissing the Securities Class Action with prejudice, as the stay will promote the efficient and orderly administration of justice by coordinating the Derivative Action with the Securities Class Action.

2. The Parties shall promptly notify each other of any related derivative lawsuit(s) or threatened derivative lawsuits they are aware of or apprehend.

3. If the plaintiffs in any related derivative lawsuit refuse to agree to a stay for a period of time that is at least as long as the stay stipulated to herein, Plaintiffs may lift the agreed stay upon thirty (30) days' prior written notice to Defendants' Counsel.

4. During the pendency of this stay, Defendants shall include Plaintiffs in any mediation or formal settlement talks with the plaintiffs in the Securities Class Action, any plaintiffs in any related derivative lawsuit, or any purported shareholder of the Company who made any threatened related derivative lawsuit.

5. Prior to the production of any documents by Defendants to Plaintiffs, the Parties shall enter into a confidentiality agreement and/or a protective order.

6. Defendants shall, within fifteen (15) days after receipt of a confidentiality agreement and/or a protective order, provide Plaintiffs with copies of any documents produced to plaintiffs in the Securities Class Action, to any plaintiffs in any related derivative lawsuits, and to any purported shareholders of the Company who threatened to make any related derivative lawsuits or who made any related books and records demands.

7. In the event that Defendants agree to produce, or are ordered to produce by a court of competent jurisdiction, any documents pursuant to a books and records request to any holder or beneficial owner of PixarBio stock, copies of such documents shall be provided to counsel for Plaintiffs within fifteen (15) days after being provided to the same holder or beneficial owner subject to the execution by Plaintiffs of a confidentiality agreement governing the use and disclosure of these materials.

8. If either of the Parties no longer consents to the voluntary stay of this Derivative Action, then either or both Parties shall notify the Court within thirty (30) days of said decision to no longer consent to this voluntary stay.

9. If the stay of proceedings is lifted, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings, including the date by which Defendants must answer or otherwise plead, and the date and time for a case management conference.

10. All hearings or conferences currently scheduled shall be postponed until the date and time that will be specified in the proposed scheduling order to be submitted by the Parties.

11. Notwithstanding this stay of this Derivative Action, Plaintiffs may amend their complaint, but Defendants shall not respond to any amended complaint during the pendency of the stay.

12. This stipulation shall not be deemed a waiver of any rights which the parties may have with respect to this Derivative Action.

Dated: February 7, 2018                        Respectfully submitted,

                                               **GAINEY McKENNA & EGLESTON**
                                               Gregory M. Egleston, Esq.
                                               440 Park Avenue South
                                               New York, NY 10016
                                               Telephone: (212) 983-1300
                                               Facsimile: (212) 983-0383
                                               Email: gegleston@gme-law.com


                                               -and-


                                               Barry Gainey (BJG 7560)
                                               95 Route 17 South, Suite 310
                                               Paramus, NJ 07652

Telephone: 201-225-9001
Facsimile: 201-225-9002
Email: bgainey@gme-law.com

*Attorneys for Plaintiffs Marvin and Jacqueline Becker*

*/s/ Alan P. Fraade*

Alan P. Fraade
**THE MINTZ FRAADE LAW FIRM, P.C.**
271 Madison Avenue, 12th Floor
New York, NY 10016
Telephone: (212) 486-2500
Email: apf@mintzfraade.com

-and-

*/s/ Joseph V. Meyers*

Joseph V. Meyers, Esq.
292 Main Street, Suite 2
Hackensack, NJ 07601
Telephone: (201) 480-2211
Email: jmeyerslaw@aol.com

*Attorneys for Nominal Defendant PixarBio Corporation and Defendants Francis M. Reynolds, Katrin Holzhaus, David A. Cass, and Laura Barker Morse*

- 5 -